UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20588-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

PAVEL CABRERA,

        Defendant.
_____/

## PRELIMINARY ORDER AND JUDGMENT OF FORFEITURE

THIS CAUSE is before the Court upon motion of the United States for entry of a preliminary order of forfeiture. Being fully advised in the premises and based on the motion of the United States and the record in this matter and for good cause shown thereby, the Court finds as follows with respect to forfeiture in this action as to defendant PAVEL CABRERA (hereinafter referred to as "defendant"):

    1.    In the Indictment in the above-styled case the government sought forfeiture of the any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to 18 U.S.C. § 982(a)(7), and the procedures outlined at 21 U.S.C. § 853.

    2.    On or about September 8, 2008, defendant entered a plea of guilty to Count 1 of the Indictment in violation of 18 U.S.C. § 1347 and agreed to forfeit all of his right, title and interest in

real property, bank accounts and the entry of a money judgment. The parties agree that the real property subject to forfeiture includes but is not limited to the following:

a. AVON PARK LAKES UNIT 21PB 5-PG 16 LOTS 6763 + 6764; Subdivision, according o the Plat thereof, recorded in the Public Records of Highlands County, Florida.
Parcel Identification Number: C-01-33-28-010-0000-6763;

b. Lot 8, Block 16, Unit 2, LEHIGH ACRES SUBDIVISION, according to the Plat thereof, recorded in Plat Book 15, Page 67 inclusive, of the Public Records of Lee County, Florida.
Parcel Identification Number: 23-44-26-02-00016.0080;

c. The contents of bank account number 3047858 at U.S. Century Bank;

d. All funds contained in CD account number 715538 at U.S. Century Bank;

e. The contents of bank account number 009400011015322 at Washington Mutual Bank;

f. The contents of bank account number 0437000006420265 at Washington Mutual Bank;

g. The contents of bank account number 039500001050596 at Washington Mutual Bank;

h. The available credit line of $34,592.00 of bank account number 0651608382 at Washington Mutual Bank in lieu of forfeiting the real property located at 9460 Fountainebleau Boulevard, Unit Number 318, Miami, Florida 33172; and

i. A money judgment in the amount of $583,597.00,

as property involved in or traceable to such violation(s) to the United States.

Therefore, in consideration of the Plea Agreement between the defendant and the United States, and upon motion of the United States and for good cause shown thereby, it is hereby:

ORDERED that

1. All right, title and interest of defendant PAVEL CABRERA in the following property is hereby forfeited to the United States of America pursuant to 18 U.S.C. § 982(a)(7):

   a. AVON PARK LAKES UNIT 21PB 5-PG 16 LOTS 6763 + 6764; Subdivision, according o the Plat thereof, recorded in the Public Records of Highlands County, Florida.
   Parcel Identification Number: C-01-33-28-010-0000-6763;

   b. Lot 8, Block 16, Unit 2, LEHIGH ACRES SUBDIVISION, according to the Plat thereof, recorded in Plat Book 15, Page 67 inclusive, of the Public Records of Lee County, Florida.
   Parcel Identification Number: 23-44-26-02-00016.0080;

   c. The contents of bank account number 3047858 at U.S. Century Bank;

   d. All funds contained in CD account number 715538 at U.S. Century Bank;

   e. The contents of bank account number 009400011015322 at Washington Mutual Bank;

   f. The contents of bank account number 0437000006420265 at Washington Mutual Bank;

   g. The contents of bank account number 039500001050596 at Washington Mutual Bank;

   h. The available credit line of $34,592.00 of bank account number 0651608382 at Washington Mutual Bank in lieu of forfeiting the real property located at 9460 Fountainebleau Boulevard, Unit Number 318, Miami, Florida 33172; and

   i. A money judgment in the amount of $583,597.00.

2. The United States Marshals Service, or any duly authorized law enforcement official, may seize and take custody of the property identified herein above as forfeited under this order pursuant to 21 U.S.C. § 853(g).[1]

3. Pursuant to 21 U.S.C. § 853(n)(1) and the Attorney General's authority to determine the manner of publication of an Order of Forfeiture in a criminal case, the United States forthwith shall publish notice of this order on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days. The United States shall state in the notice that any person, other than the defendant, having or claiming a legal interest in the property ordered forfeited by this order must file a petition with the Court within thirty (30) days of the final publication of the notice or receipt of actual notice, whichever is earlier; that the notice that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, the petition shall be signed by the petitioner under penalty of perjury, shall set forth the nature and extent of the petitioner's right, title and interest in the forfeited property and shall set forth any additional facts supporting the petitioner's claim and the relief sought.

4. The United States shall provide, to the extent practicable, direct written notice to any person known to have an alleged interest in the property that is subject of the Order of Forfeiture, in addition to the published notice.

It is further ORDERED that upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) in which all interests will be

---

[1] The procedures of 21 U.S.C. § 853, except for subsection (d), are incorporated by 18 U.S.C. § 982(b)(1).

addressed. If no claims are filed within 30 days of the final publication or receipt of actual notice, whichever is earlier, then, pursuant to 21 U.S.C. § 853(n)(7), this Order shall be deemed a final order of forfeiture, and the United States Marshals Service, or any duly authorized law enforcement official, may dispose of the property forfeited hereunder according to law.

DONE AND ORDERED at Miami, Florida this 9 day of September, 2008.

WILLIAM P. DIMITROULEAS
UNITED STATES DISTRICT JUDGE

5